UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ziad Mori Elchehabi, Veronica Subia, and Amoun Awad Elhassan | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action H-12-1486 |
| Chase Home Finance, LLC, Nathaniel Malone, and the CIT/Consumer Finance, Inc. | § § § § § § | |
| Defendants. | § | |

**Memorandum Opinion And Order**

Pending before the court is plaintiffs' motion to remand. Dkt. 6. Having considered the parties' briefings and the applicable law, the motion is DENIED.

**I. Background**

Ziad Mori Elchehabi ("Elchehabi") and Veronica Subia ("Subia") took out a loan in September 2006 to purchase a home. Dkt. 1-2 at 5. In exchange for financing of the loan, Elchehabi, Subia and Amoun Awad Elhassan ("Elhassan") executed a Deed of Trust in favor of The CIT Group/Consumer Finance, Inc. (erroneously named as The CIT/Consumer Finance, Inc. and referred to heretofore as "Vericrest," the Successor-in-Interest to The CIT Group/Consumer Finance, Inc.). *Id.* Subsequently, Vericrest assigned its rights under the Deed of Trust to Chase Home Finance, Inc. ("Chase"). *Id.* Elchehabi and Subia defaulted on their loan and entered into negotiations with Chase to modify the terms of the loan. *Id.* at 6. Under the modification plan, Elchehabi and Subia claim to have sent in three payments, the receipt of which is disputed though

not relevant for the purpose of this motion. *Id.* Following the first modification plan, Elchehabi and Subia applied for a second round of loan modification in December 2011. *Id.* They provided Chase's agent, Nathaniel Malone ("Malone"), with a Home Information Packet and information they claim proves compliance with the terms of the first modification agreement. *Id.*

Elchehabi, Subia, and Elhassan ("plaintiffs") brought suit against Vericrest, Chase, and Malone ("defendants") in state court alleging breach of contract and fraud against all defendants. Dkt. 1-2. Vericrest removed the case to federal court, claiming that Malone was improperly joined to the suit by plaintiffs for the purpose of defeating diversity and blocking defendants' right to a federal forum. Dkt. 1 at 4. The citizenship of the parties is not disputed: Vericrest is a citizen of Delaware and Oklahoma, Chase is a citizen of Delaware and New Jersey, and plaintiffs and Malone are Texas citizens. *Id.*

## II. LEGAL STANDARD

*A. Removal Based on Diversity Jurisdiction*

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Defendants allege that the court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states. For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). Additionally, a diversity action is only removable "if none of the parties in interest properly joined is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.* (*"De Aguilar II"*), 47 F.2d 1404, 1408 (5th

Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

B. Improper Joinder

    *1. Generally*

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C.A. § 1359. The Fifth Circuit has recognized "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotations omitted). To proceed under the second method, the court may conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* However, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* at 574. In such a case, "the allegation of improper joinder is actually an attack on the merits of plaintiff's case," and remand is proper. *Id.*

    *2. Rule 12(b)(6) Standard*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In

considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

*C. Consent to Removal*

In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). When defendants have been served at different times, the Fifth Circuit has traditionally followed the "First-Served Defendant Rule." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (holding that "all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."); *Barbour v. Intern. Union*, 640 F.3d 599, 608-09 (4th Cir. 2011) (describing the Fifth Circuit's approach as the First-Served Defendant Rule) . However, the Federal Rules of Civil Procedure, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), stipulate that "[e]ach defendant shall have 30 days after receipt

4

by or *service on that defendant* of the initial pleading or summons . . . to file the notice of removal. 28 U.S.C.A. § 1446(b)(2)(B) (emphasis added); Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758. The JVCA codified the Last-Served Defendant Rule as used in other jurisdictions. *Barbour*, 640 F.3d at 609 (rejecting the Fifth Circuit approach and adopting the Last-Served Defendant Rule); *Penson Fin. Servs, Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667 at *3 n.3 (N.D. Tex. July 5, 2012) (explaining that the JVCA codified the last served rule). Hence, this court applies the Last-Served Defendant Rule in determining whether the removal by defendants was procedurally proper.

### III. ANALYSIS

Plaintiffs' motion asserts that the district court must remand for two reasons: Malone was properly joined, thus making the parties to the suit non-diverse (Dkt. 7 at 9); and the Removal Petition was procedurally defective because Malone and Chase did not consent to removal within the mandatory 30 day period. Dkt. 7 at 13. The court considers each claim in turn.

*A. Improper Joinder*

Defendants allege that Malone, a Texas citizen, was joined to the suit strictly to defeat diversity jurisdiction and that no claim exists against him. Dkt. 1 at 3. Plaintiffs contend that the complaint contains sufficient factual allegations against the defendants collectively and Malone in his individual capacity for a court to find Malone guilty of fraud. Dkt. 7 at 11-12. The complaint's allegations against defendants for statutory and common law fraud, plaintiffs argue, apply to Malone as well. *Id.* These allegations read in part:

5

> Additionally, Defendants made a false promise to do an act, the promise was material, such a promise was made with the intention of not fulfilling it, and the promise was made to Ziad Mori Elchehabi and Veronica Subia for the purpose of inducing them to enter a contract, and Ziad Mori Elchehabi and Veronica Subia did in fact rely on Defendant's promise in entering into a contract. In making such false representations and false promises, Defendants acted at all times with actual awareness of the falsity.

Dkt. 1-2 at 9-10. These allegations are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964–65. Therefore, the court does not have to accept them as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (holding that the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Disregarding the complaint's legal conclusions, the court is left with one factual allegation with respect to Malone. The sole fact alleged is that Malone "served as the agent for the Mortgage Servicer" when the plaintiffs applied for a second round of loan modification. Dkt. 1-2 at 7. At this meeting, the "Property Owners provided the agent the Home Information Packet – together with the proof that the Property Owners previously complied with the terms of the loan modification agreement." *Id.*

Plaintiff argues that if the district court finds "any possibility that a state court would find a cause of action against the in-state defendant on the facts Plaintiff alleges, the Court must conclude that there is no fraudulent joinder . . ." *Cornman v. State Farm Lloyds*, 2001 WL 34098622 (S.D. Tex. Nov. 19, 2001). The "no possibility of recovery" standard is restated in *Smallwood* as asking whether there is a "*reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added). This language is consistent with that of a 12(b)(6) analysis in general. *Twombly*, 550 U.S. at 555-56

(replacing the *Conley* standard, which allowed dismissal only in cases where no set of facts could be proven in support of a claim, with a plausibility standard, which allows dismissal if the supporting facts suggest wrongdoing was merely possible). Here, plaintiffs argue that "[t]here is, at the very least, a possibility that a state court would find a cause of action against the in-state defendant," (Dkt. 7 at 10) "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009) (internal quotations omitted).

Here plaintiffs offer only the date of the alleged fraud and the name of the party involved. Dkt. 1-2. at 7. There is nothing further regarding Malone's alleged fraud. It is not impossible that Malone committed fraud, but the complaint does not contain sufficient factual allegations to hold that the alleged wrongdoing was plausible. In other words, plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When legal conclusions are set aside, the complaint alleges only that Malone served as the Mortgage Servicer's agent and received plaintiffs' Home Information Packet. Such conduct does not constitute fraud under federal or state law. Hence, the court concludes Malone was improperly joined to the suit.

However, the suit may still be remanded if it meets narrow criteria set forth in *Smallwood*. The *Smallwood* test for improper joinder requires remand if showing that the claim against the in-state defendant is without merit also shows that the claims against remaining defendants are without merit. *Smallwood*, 385 F.3d at 574. This principle is inapplicable in the instant case for two reasons. First, the complaint contains a breach of contract claim against the Lender. Dkt. 1-2 at 8. Plaintiffs' Memorandum of Law in Support of Motion to Remand makes clear that plaintiffs allege only fraud,

7

and not breach of contract, on the part of Malone. Dkt. 7 at 10-13. Thus, a finding that plaintiffs' complaint pleads insufficient factual allegations against Malone is not dispositive of the breach of contract claim against Chase and Vericrest. Second, although plaintiffs allege fraud against all defendants, the original complaint distinguishes between the conduct of Malone and the Mortgage Servicers. Malone is accused of committing fraud at the December 2011 loan modification meeting. Dkt. 1-2 at 7. Chase and Vericrest are accused of committing fraud through misrepresentations in letters sent from 2009 through 2012. *Id.* at 6. The court here addresses the allegations of fraud against Malone only and holds that the well-pleaded facts do not support a fraud claim against Malone as a matter of law. Hence, the showing that plaintiffs have not stated a claim against Malone does not dispose of the remaining fraud claims. Therefore, remand is not proper under the *Smallwood* test.

*B. Consent to Removal*

Plaintiffs next contend that removal was procedurally defective because Malone and Chase did not consent to removal within 30 days of being served. Dkt. 7 at 6. Malone and Chase were served on May 21, 2012. *Id.* at 13. By the Last-Served Defendant rule, these parties were required to consent to removal by June 20, 2012. Plaintiffs preemptively challenged unanimity of consent on May 31, 2012, believing the deadline for consent would pass during pendency of their motion to remand. *Id.* at 6 n.2. However, Chase and Malone filed their consent to removal on June 11, 2012, well inside the required 30 day window, thus curing the potential procedural defect. Dkt. 10. Accordingly, plaintiffs second argument in support of remand does not stand.

## IV. CONCLUSION

Plaintiffs contend that removal of this case was improper because complete diversity does not exist between the parties and the removal was procedurally defective due to lack of unanimous consent. Dkt. 7 at 9, 13. Thus, plaintiffs move to remand.

However, the court concludes that Malone was improperly joined to the suit. Complete diversity exists among the remaining parties, so removal was permitted. Furthermore, Malone and Chase consented to the removal within the required 30 day period, so removal was not procedurally defective. Accordingly, plaintiffs' motion to remand is DENIED.

It is so ORDERED.

Signed at Houston, Texas on August 15, 2012.

_____
Gray H. Miller
United States District Judge